The burden of proving the existence of the prescribed elements indispensible to a valid gift inter vivos by evidence that is clear, cogent and convincing, is upon the one who asserts and seeks to establish the same.
A gift can only be established by proof showing, first a donative intention on the part of the donor; second, delivery of the subject-matter of the gift; third, that the donor has stripped himself of all ownership and dominion over the subject-matter of the gift. Swayze v. Huntington, 82 N.J. Eq. 127; affirmed, 83 N.J. Eq. 335; Mullen v. Mullins,130 Atl. Rep. 628; affirmed, 98 N.J. Eq. 727; Page v. Afflerbach,102 N.J. Eq. 390; affirmed, 104 N.J. Eq. 489; Reeves v. Reeves,102 N.J. Eq. 436; Kirkpatrick v. Kirkpatrick, 106 N.J. Eq. 391.
In the instant case it is not disputed that complainant purchased the automobile and paid the sum of eleven hundred ($1,100) dollars therefor, and that he caused the bill of sale for the automobile to be put in the name of the defendant. Complainant explains this, saying it was done for his convenience, while the defendant claims the automobile was a gift to him.
The declarations of the alleged donor and those of the alleged donee, written or otherwise, tending to show the existence of a state of mind and purpose wholly inconsistent *Page 167 
with the making of such a gift, may, together with all other evidence bearing thereon, be considered by the court, in arriving upon its determination, as to what the alleged donor's intention or state of mind was at the time of his having made the alleged gift. Such declarations when considered by me together with the other evidence in the case, particularly the letter written by the alleged donee to the alleged donor, April 26th, 1937, leads to the conclusion that no gift of the automobile was intended by the donor and that the defendant so understood at the time the title thereto was put in his name. First National Bank v.Rutherford Trust Co., 109 N.J. Eq. 265.
There will be a decree for complainant.